■ CBS RECORDS INC., Appellant, v CAPITOL-EMI MUSIC,

INC., et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered August 25, 1989, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

In March 1987, plaintiff's predecessor in interest signed a record contract with the members of the musical group Grupo Mazz under which the band was to record and deliver one album. The record company was granted options for up to nine additional albums, provided it sent written notice prior to the expiration date of the contract period then in effect.

On this motion, there was no evidence that the record company sent such written notice within the time required of the completion and/or delivery of the first album. The band nonetheless recorded a second album, accepted advances from plaintiff to cover the cost of recording that album in July 1988, and delivered the master recording thereof to plaintiff in October 1988. The band entered into a letter of intent to record with defendant record company in 1989. Supreme Court's denial of an injunction was within its discretion here as plaintiff failed to establish a clear right to the relief demanded (*Standard Coat, Apron & Linen Serv. v Lagana,* 24 AD2d 852 [1st Dept 1965]).

Plaintiff's claim of a contractual right to a third album on principles of waiver was not made out on this record, which failed to establish that the musicians, by recording a second album for plaintiff, intended either to relinquish their right to written notice of exercise of the options or subject themselves to further commitment to plaintiff (*see, City of New York v State of New York,* 40 NY2d 659, 669). Plaintiff's equitable estoppel claim was not made out as, in these circumstances, the band's recording of a second album cannot be said to constitute a misrepresentation as to their obligation or readiness to record further albums (*Bergner v Kick,* 85 AD2d 911 [4th Dept 1981], *affd* 56 NY2d 795). If plaintiff is to succeed, it must adduce at trial more than the bare facts that the second album was recorded and delivered to it, but rather must demonstrate, by evidence of the parties' contemporaneous intent and dealings, that the March 1987 contract continued in existence throughout the course of the production of the second album. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.